# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROBERT S. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 3996 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| G.D.F., INC. d/b/a DOMINO'S PIZZA ) | |
| and GREGORY D. FISCHER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Robert Johnson has sued G.D.F., Inc. for retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215, and seeks compensatory and punitive damages, reinstatement, back pay, front pay and liquidated damages. G.D.F. has filed a motion pursuant to Federal Rule of Civil Procedure 56 to bar plaintiff from seeking some of those remedies and to limit his recovery of others. For the reasons provided below, the Court grants in part and denies in part defendant's motion.

## Facts

G.D.F. is an Illinois corporation doing business as Domino's Pizza. (Def.'s Exs. Supp. Mot. Summ. J., Ex. A, Fischer Decl. ¶ 1.) Anyone seeking a job with G.D.F. is required to complete an employment application. (*Id*. ¶ 2.)

Gregory Fischer has been the president of G.D.F. since 1995. (*Id.* ¶ 1.) As president, one of his responsibilities is to review employment applications. (*Id.* ¶ 2.) When he does so, Fischer rejects any applicant whose application discloses that he has been convicted of a crime. (*Id.*)

On March 11, 2002, Robert Johnson submitted an employment application to G.D.F. (*Id*., Ex. 1, Application of 3/11/12.) In response to the question "Have you been convicted of a crime in the last

7 years?", Johnson checked the box labeled "No." (*Id.*) Subsequently, G.D.F. hired Johnson. (*Id.* ¶ 4.)

On May 9, 2005, Johnson filed a class action lawsuit against G.D.F. to recover wages allegedly due him and others under FLSA. (*Id.*, Ex. B, Johnson Dep., Ex. 1, Compl,, *Johnson v. G.D.F.*, No. 05 CH 7990 (Cir. Ct. Cook County).)

On July 30, 2005, Johnson either voluntarily quit working for or was terminated by G.D.F. (*Id.*, Ex. A, Fischer Decl. ¶ 5; Compl. ¶ 5.)

For some or all of the period August 2005 through April 11, 2006, Johnson worked for Red Cab Company, Blue Cab Company and LeRoyale Icing Company. (*Id.*, Ex. B, Johnson Dep. at 1, 58-61.)

On April 11, 2006, G.D.F. learned, for the first time, that Johnson had criminal convictions he had not disclosed on his application. (*Id.*, Ex. A, Fischer Decl. ¶ 6.) Had G.D.F. known of the convictions when Johnson applied, it would not have hired him. (*Id.* ¶ 7.) Had G.D.F. learned about the convictions during Johnson's employment, G.D.F. would have terminated him. (*Id.*)

**Discussion**

Defendant argues that its after-acquired evidence of Johnson's convictions: (1) bars plaintiff's claims for (a) reinstatement; (b) front pay; (c) back pay for any period other than July 30, 2005 through April 11, 2006; and (d) liquidated damages in excess of twice Johnson's lost wages for the period July 30, 2005 and April 11, 2006; (2) limits any compensatory damages award to the period July 30, 2005 through April 11, 2006; and (3) reduces any punitive damages award to reflect the limitation on compensatory damages. In addition, G.D.F. argues that any back pay award should be reduced by the wages plaintiff earned during the July 30, 2005 to April 11, 2006 period.

Plaintiff concedes that the after-acquired evidence bars him from seeking reinstatement and front pay, limits any back pay award to the period July 30, 2005 through April 11, 2006, and limits any

2

liquidated damages to twice Johnson's lost wages for that period. (Pl.'s Answer Br. Opp'n Mot. Summ. J. at 1.) He also concedes that any back pay award must be reduced by any wages he earned during that period. (*Id.*) Thus, the Court grants defendant's motion with respect to these issues.

That leaves the impact, if any, that the after-acquired evidence doctrine has on any compensatory or punitive damages plaintiff claims. The Supreme Court has held, in the context of an ADEA suit, that an employer's after-acquired evidence of misconduct for which it would have terminated the plaintiff bars him from seeking reinstatement or front pay and limits any back pay award to the wages he would have earned from the day he was terminated to the day his misconduct was discovered. *McKennon v. Nashville Banner Publ'g Co.,* 513 U.S. 352, 36-62 (1995). Neither that Court nor the Seventh Circuit, however, has decided whether such evidence impacts compensatory damages awarded for FLSA retaliation. Defendant argues that it does and, as in *McKennon,* prohibits plaintiff from recovering any compensatory damages he incurred after G.D.F. discovered he had falsified his application.

The Court disagrees. In the FLSA context, compensatory damages are awarded for non-economic injuries like pain and suffering. *See* 29 U.S.C. § 216(b) (explicitly allowing recovery of lost wages as well as legal relief in retaliation cases); *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990) (stating that "legal relief," as used in section 216(b), means compensatory and punitive damages); *Rokosik v. City of Chi.*, No. 99 C 3587, 1999 WL 966098, at *2 (N.D. Ill. Oct. 13, 1999) (noting that "compensatory damages" can mean damages for pain and suffering or damages for all losses suffered, depending on the statutory context). The rationale of *McKennon*, that a plaintiff should not recover wages after the date his employer would have legitimately terminated him, *see* 513 U.S. 361-62, simply does not apply to such damages. Though plaintiff would have earned no wages, and thus should not recover back pay, from G.D.F. after it discovered his misconduct, that discovery would not necessarily have stopped him from suffering

3

emotional damage as a result of the alleged retaliation. Because, unlike lost wages, compensatory damages could continue to accrue even after an employee's misconduct is discovered, the Court holds that *McKennon* does not impose a temporal limit on those damages. *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1226, 1229 (7th Cir. 1995) (stating that the damages available to a FLSA retaliation plaintiff "are intended . . . to place [him] in the position he would have been in had the defendant not infringed his rights" and characterizing as "plausible" plaintiff's testimony, given "several years" after the fact, that the firing still caused him distress). Moreover, because the Court holds that *McKennon* does not limit compensatory damages, defendant's argument that any punitive damage award must reflect that limitation is also rejected.

## Conclusion

For the reasons stated above, the Court grants in part and denies in part defendant's motion for summary judgment [doc. no. 26]. The motion is granted with respect to plaintiff's claims for: (1) reinstatement and front pay, which are barred in their entirety; (2) back pay, which is recoverable only for the period July 30, 2005 through April 11, 2006 and must be reduced by any wages plaintiff earned during that period; and (3) liquidated damages, which are limited to twice the amount of any wages he lost during the period July 30, 2005 and April 11, 2006. In all other respects, the motion is denied. At the next status hearing, the Court will set a trial date.

**SO ORDERED**.  **ENTERED:** September 12, 2008

_Ronald A. Guzman_
**HON. RONALD A. GUZMAN**