**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT S. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 C 3996 |
| | ) | |
| G.D.F., INC., d/b/a DOMINO'S PIZZA, | ) | Judge Ronald Guzman |
| | ) | |
| Defendant. | ) | |

**DEFENDANT G.D.F., INC.'S CORRECTED RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, G.D.F., Inc. d/b/a Domino's Pizza ("G.D.F."), by its attorneys, DONALD S. ROTHSCHILD and BRIAN M. DOUGHERTY of GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD., pursuant to Rule 50 of the Federal Rules of Civil Procedure, submits its RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, stating as follows:

## I. BACKGROUND

The issue is this case is whether G.D.F. discharged Plaintiff in retaliation for his filing a class-action complaint in state court seeking overtime wages for himself and others. Plaintiff filed his state court lawsuit on May 9, 2005 against G.D.F. and Gregory Fischer alleging the non-payment of overtime wages. G.D.F. was served with the lawsuit on June 3, 2005. Plaintiff claimed he was told that he quit on July 31, 2005 by G.D.F.'s manager, Dave Peterson. Plaintiff filed this instant lawsuit against G.D.F. claiming he was discharged in retaliation for exercising his right to overtime wages. 29 U.S.C. § 215(a)(3).

A three-day jury trial occurred between October 19-21, 2009. G.D.F. moved for a judgment as a matter of close at the close of Plaintiff's case and after the close of all the evidence. Fed.R.Civ.Proc. 50(a). This Court took the motion under advisement and submitted the case to the

jury. On October 21, 2009, the jury returned a verdict in Plaintiff's favor finding that he sustained $1,000 in lost wages for his three weeks of unemployment, denied him any compensatory damages and awarded $4,000 in punitive damages.

## II. RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Judgment as a matter of law is appropriate if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue...." *Hall v. Forest River, Inc.* 536 F.3d 615, 619 (7th Cir. 2008) *quoting* Fed.R.Civ.P. 50(a)(1). In other words, the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of the plaintiff. *Hossack v. Floor Covering Assoc. of Joliet, Inc.*, 492 F.3d 853, 859 (7th Cir. 2007). "[A] mere scintilla" of evidence, however, will not suffice. *Walker v. Bd. of Regents of the Univ. of Wisc. Sys.*, 410 F.3d 387, 393 (7th Cir.2005).

**There was no evidence that Peterson knew of the state court lawsuit and that motivated any adverse employment decision**

To prove retaliation, a plaintiff must show that: 1) he engaged in protected activity; 2) he suffered adverse action; and 3) a causal link between the protected activity and adverse action. *Sauzek v. Exxon Coal USA*, Inc., 202 F.3d 913, 918 (7th Cir. 2000); *Larsen v. Club Corporation of America, Inc.*, 855 F.Supp. 247, 253 (N.D. Ill. 1994) (FLSA case); *Cuevas v. Monroe Street City Club*, 752 F.Supp.1405, 1410 (N.D. Ill. 1990) (FLSA case).

As to the third element, the Seventh Circuit has stated:

> To demonstrate the requisite causal connection in a retaliation claim, plaintiffs must show that the protected activity and the adverse action were not wholly unrelated. Speculation based on suspicious timing alone, however, does not support a reasonable inference of retaliation; instead, plaintiff must produce facts which somehow tie the adverse decision to the plaintiffs' protected actions. The mere fact

> that one event preceded another does nothing to prove that the first event caused the second. Rather, other circumstances must also be present which reasonably suggest that the two events are somehow related to one another. *Sauzek*, 202 F.3d at 918 (citations and quotations omitted)

The issue is whether there was any evidence whereby the jury could reasonably infer that Peterson knew about the state court lawsuit and was motivated by that lawsuit to deem Plaintiff's to have ended. As will be shown, there was no legally sufficient evidentiary basis for the jury to find that the third element was satisfied. Since there was no causal link between the filing of the lawsuit and any adverse employment decision, the judgment in favor of Plaintiff entered on the jury's verdict must be vacated and judgment entered in favor of G.D.F.

**1. Protected Activity**

Between 2002 and 2003, and between 2004 and July 30, 2005, Plaintiff worked at G.D.F. as a pizza maker. At trial, the evidence showed that Plaintiff filed a lawsuit in state court on May 9, 2005. The lawsuit was served by the Sheriff of Cook County on June 3, 2005. The complaint and summons was served on one of G.D.F.'s assistant managers, Paul Kratchowill, who placed the complaint and summons in the store's office. There was no evidence as to whether Kratchowill told anyone about the lawsuit. Fischer became aware of the complaint when he checked his mail bin at the store. The undisputed evidence showed that Fischer only told two persons about the lawsuit – his wife and his attorney.

**2. Adverse Action**

On July 29, 2005, the evidence showed that Plaintiff and Pascale Braidi, a G.D.F. co-worker, had a verbal argument regarding a special breadsticks order that Braidi instructed Plaintiff on preparing. Plaintiff became upset with Braidi and called her various names. Braidi claims that Plaintiff called her a "bitch" and "cunt." Plaintiff claims he just called her a "bitch." Braidi called

Peterson that night to report the incident. Peterson said he would handle it tomorrow.

On July 30, 2005, Braidi appeared for work in the late morning and explained the incident to Peterson and what was said between her and Plaintiff. Peterson told Braidi that she could not talk to co-workers that way.

Plaintiff appeared for work later that same day. Peterson spoke to Plaintiff who admitted the his involvement in the verbal fracas. Peterson told Plaintiff that he could not speak to co-workers that way. Peterson wanted Plaintiff to sign G.D.F.'s "Anti-Harassment Policy," which Plaintiff balked at signing. Plaintiff asked if Braidi was required to sign the same policy and Peterson replied that it was none of his business. Plaintiff eventually signed the policy. Plaintiff became upset at the way Peterson was handling the verbal attack Plaintiff levied on Braidi a day earlier. Plaintiff was then allowed to go outside and have smoke in order to cool off. Upon returning to work, according to Plaintiff, Peterson told him he could go home.

Plaintiff testified that on July 31, 2005, he called the store to see when he was scheduled to work. Plaintiff claimed that Todd Behary, an assistant manager, told Plaintiff that he was not allowed into the store. Plaintiff then spoke to Peterson who asked Peterson if he was being fired. Peterson said, "no, you quit." Plaintiff testified that he never signed a document stating he was fired and Peterson never said that Plaintiff was fired.

**3. Causal Connection**

The evidence at trial showed that only two G.D.F. employees were aware of the state court lawsuit – Kratchowill and Fischer. Fischer testified that he never told Peterson about the lawsuit. Peterson also testified that he was never aware of the lawsuit. Behary also testified that he was not aware of the lawsuit. Plaintiff never testified that he told Peterson about the lawsuit, only about

some vague reference to a letter issued by Plaintiff's counsel. The only person Plaintiff spoke to about the lawsuit was Fischer after he called Plaintiff on the phone inquiring about the lawsuit.

On July 30, 2005, Peterson called Fischer to discuss Plaintiff walking off his shift. Peterson had the authority to fire and hire employees. Fischer asked Peterson what he wanted to do. Peterson said that Plaintiff was having a bad day and that if Plaintiff wanted to return to work, he needed to discuss his walking off his shift with either Peterson or Fischer. Fischer agreed with that. Fischer never told anyone, including Peterson, that he wanted Plaintiff fired.

In discrimination cases, "it is only 'the perception of the decision maker which is relevant' in determining the motivation for an adverse employment action." *Larsen*, 855 F.Supp. at 253 *quoting Karazanos v. Navistar Int'l Transp. Corp*., 948 F.2d 332, 337-38 (7th Cir. 1991); *Long v. Teachers' Retirement System of the State of Illinois*, – F.3d –, 2009 WL 3400955, at *5 (7th Cir. Oct. 23, 2009) ("a plaintiff must provide ... evidence that the decisionmaker has acted for a prohibited reason. A decisionmaker is the person 'responsible for the contested decision.'") (emphasis in original) *citing Rogers v. City of Chicago*, 320 F.3d 748, 754 (7th Cir. 2003); *Stephens v. Erickson*, 569 F.3d 779, 790 (7th Cir. 2009) ("[c]learly, a superior cannot retaliate against an employee for a protected activity about which he has no knowledge.").

In *Filipovich v. K & R Express Systems, Inc.*, 391 F.3d 859 (7th Cir. 2004), the Seventh Circuit reversed the district court's denial of defendant's renewed Rule 50 motion for judgment as a matter of law. There, plaintiff sued for retaliation for asserting his rights under Title VII. The Seventh Circuit found that plaintiff "did not offer a story which the jury could choose to believe." *Id*. at 865. The court also found as "equally devastating to his case" the fact that plaintiff failed to show that the writers of his discipline letters knew that he had filed an EEOC charge. *Id*. at 866.

The court stated that plaintiff "asked too much" for the jury to find in his favor based solely on the EEOC charge and his denial of responsibility for his poor job performance. *Id*. The court could not "find a shred of evidence here suggesting that [defendant] acted on the basis of a retaliatory motive." *Id*.

Here, the only decisionmaker was Peterson since he spoke with Plaintiff on the telephone when he called into work inquiring about his hours. However, there was no evidence that Peterson **fired** Plaintiff **because** he had filed the state court lawsuit. *Rogers*, 320 F.3d at 753. The only evidence from Plaintiff is G.D.F.'s perception that it thought Plaintiff, by his conduct of walking out and not showing up for his scheduled shift, resigned from employment. Plaintiff admits that Peterson never told him he was fired.

Assuming that G.D.F.'s conduct was an adverse employment decision, Plaintiff never produced any evidence at trial showing Peterson's knowledge of the lawsuit. It is undisputed that Fischer and Peterson never spoke about the lawsuit at any time prior to July 31, 2005. Without evidence of Peterson's knowledge of the state court lawsuit, there could be no discriminatory animus. *Stephens*, 569 F.3d at 790.

Similar to *Filipovich*, Plaintiff never pointed to any other disciplinary incidents in his employment that were treated differently than his being counseled by Peterson on July 30, 2005. Plaintiff also failed to point to any evidence that Braidi challenged Peterson's authority in the same manner, and yet was not subjected to an adverse employment decision. The jury could only speculate that Peterson knew of the state court lawsuit and was motivated by the lawsuit to deem Plaintiff's employment to have ended. This does not suffice though. *Sauzek*, 202 F.3d at 918. Speculation does not create a reasonable inference of discriminatory intent. *Id*.

In finding for Plaintiff, the jury ignored the requirement that Plaintiff prove Peterson's knowledge of the lawsuit and discriminatory animus. This is what occurred in *Filipovich* where the jury had no evidence of a discriminatory animus, and yet found for the employee. In short, Plaintiff "did not offer a story which the jury could choose to believe," *Filipovich*, 391 F.3d at 865, that included evidence of Peterson's discriminatory intent.

WHEREFORE, Defendant, G.D.F., Inc., respectfully requests that this Court enter an order granting its motion for judgment as a matter of law, vacate the judgment in favor of Plaintiff on the jury's verdict in his favor, and award all other relief this Court deems equitable and just.

Respectfully submitted,

G.D.F., INC. d/b/a DOMINO'S PIZZA

By: /s/ Donald S. Rothschild
One of Its Attorneys

Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
Donald S. Rothschild
Brian M. Dougherty
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
630-655-6000