**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT S. JOHNSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | 07 C 3996 |
| | ) | |
| v. | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| | ) | |
| **G.D.F., INC., d/b/a DOMINO'S PIZZA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert S. Johnson ("Johnson") sued defendant G.D.F., Inc., d/b/a Domino's Pizza ("Domino's") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215. Plaintiff prevailed and thereafter moved for attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b). This Court referred the motion to Magistrate Judge Morton Denlow. Before the Court are plaintiff's objections to Magistrate Judge Denlow's Report and Recommendation ("R&R"). For the reasons provided in this Memorandum Opinion and Order, the Court adopts the R&R in full.

**Facts**

In May 2005, Johnson filed a class-action claim against Domino's seeking overtime wages pursuant to Illinois' minimum wage law in state court ("State Action"). (Def.'s Resp. Pl.'s Objections Magistrate's R&R ("Pl.'s Objs.") at 1.) In June 2005, Domino's terminated plaintiff. (*Id.*) In July 2007, plaintiff filed the instant action against Domino's claiming that he was terminated in retaliation for filing the State Action for unpaid overtime wages in violation of

the FLSA, 29 U.S.C. § 215(a)(3).[1] (*Id.*) The complaint prayed for $75,000.00 in damages. (Compl. ¶ 7.)

During discovery, plaintiff claimed damages of $10,000.00 in back pay plus $10,000.00 in liquidated damages without any supporting documentation. (Def.'s Resp. Pl.'s Objs. at 5; Pl.'s Objs. at 18.) In October 2000, plaintiff increased his back pay damages claim to $13,500.00, again with no supporting documentation. (Def.'s Resp. Pl.'s Objs. at 5; Pl.'s Objs. Ex. 8, Pretrial Order.)

In October 2009, a jury trial was held. In plaintiff's opening statement, Ernest Rossiello, plaintiff's attorney, changed plaintiff's position on damages and claimed only $1,000.00 in back pay, noting (for the first time) that plaintiff secured employment at a higher rate of pay three weeks after his termination. (Def.'s Resp. Pl.'s Objs. at 2-3.) Plaintiff prevailed and the jury awarded him $1,000.00 in back pay, and $4,000.00 in punitive damages. (*Id.* at 1.) After the trial, plaintiff filed a motion to amend the judgment to include liquidated damages, and defendant filed a motion for judgment as a matter of law. This Court denied both motions. Thereafter, both parties appealed to the Seventh Circuit, but through mediation agreed to dismiss their appeals. Defendant agreed to pay plaintiff the $5,000.00 jury verdict plus post-judgment interest of $101.56 and $5,455.00 for dismissing his appeal. In accordance with his fee arrangement with Rossiello, plaintiff will not receive any of the money. (*Id.* at 4-5.)

Rossiello then moved for attorneys' fees and costs in excess of $112,000.00 under the FLSA, 29 U.S.C. § 216(b), which provides that prevailing plaintiffs in FLSA cases are entitled to reasonable attorney's fees. The Court referred the motion to Magistrate Judge Denlow for a R&R. Based largely on the fact that the litigation could have been promptly resolved if

---

[1] Plaintiff first filed suit against defendant in this Court on January 12, 2006, but voluntarily dismissed the case. *See* Case No. 05-CV-6880.

2

Rossiello had properly assessed and disclosed at the outset his client's actual damages, Magistrate Judge Denlow disallowed all of Rossiello's associates' time and all but four hours of Rossiello's time as unreasonable and unnecessary. (R&R at 6-7.) Magistrate Judge Denlow also reduced Rossiello's requested hourly rate of $600.00 to $375.00 after considering the fee awards Rossiello had received in other FLSA cases in the Northern District of Illinois. (*Id.* at 10.) He further disallowed Rossiello's subpoena fees, subpoena service fees and transcript costs because the case should have been settled well before trial, but otherwise awarded Rossiello all other requested costs of $364.20, thereby resulting in an initial fee award of $1,864.20. (*Id.* at 8, 11.)

## Discussion

When a party makes objections to a magistrate judge's recommendations, "[t]he district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). However, this does not mean the district court must conduct a *de novo* hearing, "[r]ather the district court has discretion to 'accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Id.* (quoting Fed. R. Civ. P. 72(b)).

The FLSA awards reasonable attorney's fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b). Plaintiff Johnson prevailed in his FLSA action, and thus, the Court must determine a reasonable attorneys' fee for this case. Reasonable attorney's fees are generally calculated by the lodestar method, which requires the court to multiply the hours reasonably expended on the litigation by a reasonable hourly rate.[2] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee

---

[2] The Court may then adjust the lodestar amount, if appropriate, in light of the ten factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983). But, as the Supreme Court has noted, most of those factors are "subsumed within the . . . calculation of hours

3

applicant bears the burden of establishing the lodestar amount by providing documentation of appropriate hours and rates. *Id.* at 434.

### A. Number of Hours Expended

In assessing the reasonableness of hours expended, a court has an obligation to exclude hours that are "excessive, redundant, or otherwise unnecessary." *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 551 (7th Cir. 1999). Moreover, if any time entry is too vague or otherwise inadequate to allow an assessment of reasonableness, the court may disregard it. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000). Further, in determining whether billed hours were "necessary" and "reasonably expended," the court may consider whether a client would expect counsel to assess the feasibility of a quick settlement before filing suit. *See Spegon*, 175 F.3d at 552-53 n.4; *Curtean v. Fed. Mortg., Inc.*, No. 05 C 292, 2005 WL 1661992, at *3 (N.D. Ill. July 13, 2005).

Johnson seeks recovery for 182.66 hours of Rossiello's services and 8.33 hours of his associates' services for a total of 190.99 hours. (Pl.'s Mot. Attys' Fees at 12.) Defendant argues that an attorney with Rossiello's experience and skill could have assessed and resolved the matter in a few hours given the fact that three weeks after plaintiff's termination he received a higher paying job, and therefore, was only suing for $1,000.00 in back pay. Rossiello did not reveal this information, however, until his opening statement at trial, thereby resulting in hours spent on unnecessary litigation expenses. Accordingly, defendant asserts that Rossiello could have determined the true value of the case and accomplished a settlement in three hours time.

---

reasonably expended at a reasonable hourly rate." *Id.*

Other courts, including the Seventh Circuit, have addressed Rossiello's failure to pursue settlements in low-value cases. In both *Spegon* and *Curtean*, the courts disallowed all but three of Rossiello's hours as unnecessary given the time an attorney with his experience and skill would have needed to meet with his clients, assess their claims and negotiate settlements. 175 F.3d at 552; 2005 WL 1661992, at *3-4. Specifically in *Spegon*, the Seventh Circuit agreed with the district court's reasoning that in light of the limited amount of back overtime pay sought by the plaintiff (at most $1,781.25), Rossiello should have contacted the defendant regarding settlement before filing the lawsuit to maximize the plaintiff's net recovery. *Id.* at 552-53. Failure to do so, the court found, resulted in unnecessary and unreasonable time billed to the client. *Id.* (holding that whether a fee-paying client would have expected Rossiello to contact the defendant prior to suit is a permissible factor for the court to consider in determining the reasonableness of the hours expended in pursuit of litigation).

Similarly in *Curtean*, Rossiello failed to pursue a settlement with the defendants prior to filing suit where the plaintiff sought only $355.88 in back overtime wages. 2005 WL 1661992, at *3. The court found that given the limited amount of overtime at issue, coupled with Rossiello's high hourly rate, it was reasonable to presume a client would expect Rossiello to assess the likelihood of a quick settlement before filing suit. *Id.* Again, Rossiello's failure to do so resulted in the court's finding that the hours he spent on litigation were unreasonable and unnecessary, and that three hours would have been sufficient. *Id.* ("As in *Spegon*, Rossiello does not indicate why his claimed hours were reasonably necessary to prove the FLSA violation . . . .").

For the same reasons articulated in *Spegon* and *Curtean*, the Court finds that four hours of work (one hour to re-file the case, and three hours to settle it) represents the time reasonably

5

required in this case. Given the limited amount of back pay at issue ($1,000.00), and Rossiello's high hourly rate, it is reasonable to assume that plaintiff would have expected Rossiello to explore settlement in this litigation before filing suit. *Spegon*, 175 F.3d at 552. Yet Rossiello failed to disclose the true value of the case until his opening statement at trial, thereby foregoing any real opportunity for this case to settle. *Id.* Instead, plaintiff was left with no recovery pursuant to his fee arrangement with Rossiello. (Def.'s Resp. Pl.'s Objs. at 2-3.)

The Court gives little weight to Rossiello's explanation that he learned of the true value of the case shortly before trial. A lawyer of Rossiello's experience should know how to question his client about the amount of damages at issue at the outset of the case. Moreover, and arguably more importantly, Rossiello should have known better than to misrepresent damages of over $10,000.00 in back pay during discovery without providing documentation for such claims. Therefore, the Court finds that four hours is a reasonable time for someone with Rosseillo's experience to re-file the complaint, contact the defendant and reach a settlement in a case where only $1,000.00 of back pay was at issue.

For the same reasons stated above, the 8.33 hours charged by Rossiello's associates are unnecessary since Rossiello could have resolved this matter on his own and in a short amount of time. *See Hensley*, 461 U.S. at 433-34 (holding that the court must exclude hours that are redundant, excessive or otherwise unnecessary); *see also Curtean*, 2005 WL 1661992, at *5 (holding that Rossiello's associate's time billed was unnecessary and therefore not compensable). Further, the majority of the associates' time was spent in court and on discovery matters, and therefore, the Court awards no fees for the work of Erica S. Longfield and Petrine J. Nielsen. Thus, the Court affirms Magistrate Judge Denlow's holding that only four hours of Rossiello's work was reasonably necessary in this case.

6

B.     **Reasonable Hourly Rate**

The next step in determining the lodestar is to determine a reasonable hourly rate as established by the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The burden of proving the market rate is on the fee applicant. *Id.* at 896 n.11. Presumptively, an attorney's actual billing rate for comparable work is appropriate to use as the market rate. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (citation omitted). If, however, the court is unable to determine the attorney's actual billing rate (because he works on a contingent fee basis for example), the court may look to the next best evidence, which includes rates similarly experienced attorneys in the community charge for similar work, as well as evidence of fee awards the attorney has received in similar cases. *See id.* at 1310-12. Once the fee applicant has met his burden, the burden shifts to the defendant to demonstrate why a lower rate should be awarded. *Id.* at 1313.

In this case, Rossiello claimed a market rate of $600.00 per hour for his services.[3] In support of these rates, Rossiello attaches: (1) previous state and federal court orders from 1998 and 1999 awarding Rossiello a market rate of $305.00 to $375.00 per hour for attorney's fees; (2) his own affidavit stating that in 2007 and 2008 he was able to settle his fees for rates between $540.00 and $620.00 per hour for FLSA, Title VII and Whistleblower cases (most of which appear to be uncontested); (3) a list of previous state and federal cases where he was awarded fees ranging from $230.00 to $620.00 per hour (only some of which involved FLSA claims); (4) affidavits from four Chicago attorneys attesting that Rossiello's rate is in line with the current market rates; and (5) contracts with two other clients in wage disputes at a $525.00 hourly rate. (Pl.'s Objs. Exs. J, K, M & V.) Defendant argues that Rossiello cannot establish his rate as the

---

[3] Because this Court disallowed all of Rossiello's associates' time, it need not address what their hourly rate was and whether it was reasonable. *See Spegon*, 175 F.3d at 555 n.5.

market rate for FLSA cases and that it should be reduced to $375.00 an hour to reflect the hourly rates awarded to Rossiello in prior FLSA cases.

Here, Rossiello has not established an actual billing rate of $600.00 an hour for an FLSA case. First, the contracts Rossiello submitted are not between himself and plaintiff and one involves both an FLSA and Title VII claim. (Pl.'s Objs. Exs. J-1, J-2.) Further, neither contract provides evidence of how much the client was actually charged, how much the client actually paid and the amount at issue in each case. (*Id.*) Second, the affidavits submitted by other attorneys are not probative of rates charged by similarly experienced attorneys in the community for FLSA cases. Two of the attorneys did not disclose what they charge clients for FLSA cases, and three of the attorneys stated that they do not differentiate in billing between FLSA cases and other labor and employment claims. *See People Who Care*, 90 F.3d at 1310-12 (to establish the market rate attorney may submit affidavits of attorneys attesting to the rates they charge clients for similar work); (*id.* Exs. K-1, K-2, K-3, & K-4.) For example, the affidavit of George Pontikes does not disclose what he charges clients for similar work or even what his practice is, and states that there is no reason to differentiate in billing between FLSA and Title VII cases. (*Id.* K-2.) As the Seventh Circuit has made clear, "hourly rates awarded [or charged] in non-FLSA overtime cases are not particularly relevant as evidence of Rossiello's market rate . . . because the reasonable hourly rate is capped at the prevailing market rate for attorneys engaged in FLSA work." *Spegon*, 175 F.3d at 555 n.6. For the same reason, Rossiello's affidavit, the list of previous court cases and the list of court orders, all of which provide the names of previous cases in which Rossiello was awarded high market rates (several involving non-FLSA claims) are of limited probative value. *See, e.g.*, *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707-08 (7th Cir. 2001) (noting that judges in the Northern District of Illinois have

noted that FLSA cases are less complex than Title VII cases); *Shea v. Galaxie Lumber & Constr. Co.*, No. 94 C 0906, 1997 WL 51655, at *5-6 (N.D. Ill. Feb. 5, 1997) (explaining that counsel's actions in attaching fee awards from Title VII actions to determine fees in an FLSA case was "disingenuous given the differences in complexity between FLSA claims and Title VII claims"), *vacated on other grounds*, 152 F.3d 729 (7th Cir. 1998).

Last, Rossiello has not offered evidence that he was ever awarded a $600.00 rate in any FLSA case where his fees were challenged. In fact, recent cases within this district suggest that an appropriate range of market rates for an FLSA case is $300.00 to $375.00. *See, e.g.*, *Lizak v. Great Masonry, Inc.*, No. 08 C 1930, 2010 WL 3001906, at *4 (N.D. Ill. July 29, 2010) (awarding a $300.00 hourly rate to a lead attorney in FLSA case); *Garcia v. R.J.B. Props., Inc.*, No. 06 C 4994, 2010 WL 2836749, at *2 (N.D. Ill. July 19, 2010) (court awarded hourly fee of $325.00 to lead attorney of FLSA claim); *Goodale v. George S. May Int'l Co.*, No. 09 C 7848, 2010 WL 2774013, at *4 (N.D. Ill. July 14, 2010) (for litigation of FLSA claims, court awarded fee of $275.00 an hour for lead attorney); *Curtean*, 2005 WL 1661992, at *6 (awarding Rossiello a rate of $375.00 for an FLSA case). In sum, plaintiff has failed to establish what attorneys charge their clients in FLSA cases as opposed to general labor and employment cases. Here, defendant submits evidence that a rate of no more than $375.00 is reasonable. Therefore, the Court agrees with Magistrate Judge Denlow that $375.00 is a reasonable rate to award Rossiello in this case, especially when it is the highest rate awarded to Rossiello by a Northern District of Illinois court in an FLSA case where his fees have been challenged. *Curtean*, 2005 WL 1661992, at *6.

9

C. **Costs**

A prevailing plaintiff may recover the costs of litigation under the FLSA, 29 U.S.C. § 216(b). Costs under the FLSA include all reasonable out of pocket expenses. *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 553 (7th Cir. 1986). Rossiello seeks total costs of $715.87 for the filing fee, copying charges, subpoena fees and transcript costs. (Pl.'s Mot. Atty's Fees at 13-14.) As discussed above, the Court finds that Rossiello's failure to pursue the option of settlement for plaintiff's $1,000.00 claim in this case led to unnecessary and unreasonable trial costs. Thus, the Court finds that Rossiello's subpoena fees, subpoena service fees and transcript costs are excluded as unreasonable litigation expenses. *Spegon*, 175 F.3d at 551. Thus, as did Magistrate Judge Denlow, the Court finds the filing fee and the cost to copy the fee motion to be reasonable, and therefore awards plaintiff costs of $364.20.

**Conclusion**

For the reasons set forth above, the Court adopts in full Magistrate Judge Morton Denlow's Report and Recommendation regarding plaintiff's motion for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) [doc. no. 189]. Therefore, the Court awards plaintiff $1,500.00 in attorney's fees and $364.20 in costs, for a total of $1,864.20.

    **SO ORDERED**                  **ENTER: March 25, 2011**

                                                 **RONALD A. GUZMAN**
                                                 **District Judge**